**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LANCE KING,**

     **Plaintiff,**

     **v.**

**ARAMARK CORRECTIONAL
SERVICES,** *et al.*,

     **Defendants.**

**Case No. 2:23-cv-156
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers**

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding without the assistance of counsel, commenced this action on January 12, 2023.  (ECF No. 1.)  By Order dated December 21, 2023, the Court directed Plaintiff to submit a service copy of the Second Amended Complaint for each defendant named in the Second Amended Complaint and against whom he seeks to proceed in this action.  (ECF No. 20.)  Plaintiff was advised that his failure to comply with the Court's order may result in the dismissal of this action for lack of prosecution.  (*Id*.)  The deadline for Plaintiff to submit service copies was January 22, 2024[1].  When Plaintiff failed to comply with its initial Order, the Court issued a second Order on February 21, 2024, extending Plaintiff's time to comply to March 22, 2024.  (ECF No. 22.)   In its most recent Order, the Court advised Plaintiff "that his continued failure to submit service copies as ordered **will** result in a recommendation that this action be dismissed for failure to prosecute."  (*Id*.)

To date, Plaintiff has not submitted service copies as ordered nor has he requested an extension of time in which to do so.  Accordingly, under the circumstances of this case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule

---

[1] The initial 30 days ran on January 20, 2024, which was a Saturday.

of Civil Procedure Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties."  *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On February 21, 2024, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders would result in a recommendation that this action be dismissed for failure to prosecute.  (ECF No. 22.)  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines.  *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

2

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited+-. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: April 5, 2024**                    */s/ Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**